RICHARD S. ROSENBERG, SBN 77948
rrosenberg@brgslaw.com
JAMES DEMERJIAN, SBN 266525
Jdemerjian@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone:   (818) 508-3700
Facsimile:   (818) 506-4827

Attorneys for Defendants CIM GROUP, L.P.; THEATREDREAMS LA/CHI, L.P.; and CHRIS LATSCH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WILLIAM DOUCETTE,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CIM GROUP, L.P. a California Limited Partnership; THEATREDREAMS LA/CHI GP, LLC, a business entity form unknown;  THEATREDREAMS LA/CHI GP, LLC dba as The Dolby Theater; RUSSEL COURT ENTERTAINMENT, LLC, a business entity form unknown; CHRIS LATSCH, an individual; and DOES 1 to 25, Inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Filed concurrently with Notice of Interested Parties; Joinder in Notice of Removal; Declaration of Jay Thomas; Declaration of James H. Demerjian]**<br><br>28 U.S.C. §§ 1331, 1337, 1367, 1441, 1446; 29 U.S.C. § 185(a)<br><br>Action Filed:      October 19, 2018<br>Trial Date:        April 20, 2020 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant TheatreDreams LA/CHI, L.P. ("Defendant") hereby respectfully removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  Defendant removes this action pursuant to

658135.1

28 U.S.C. §§ 1331, 1337, 1367, 1441, and 1446 and 29 U.S.C. § 185(a) for the following reasons:

1.     On October 19, 2018, Plaintiff William Doucette ("Plaintiff") filed his Complaint in the above-entitled civil action in the Superior Court for the State of California, County of Los Angeles, Case No. 18STCV01481, which is presently pending (hereinafter "Superior Court Action").   A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.   (Declaration of James H. Demerjian, ¶ 2).   Plaintiff named the following Defendants in his complaint: CIM Group, L.P., CIM 2009 CM Portfolio, GP, LLC, CIM Urban Real Estate Fund, LP, The Dolby Theater [sic], TheatreDreams LA/CHI GP, LLC, Russel Court Entertainment, LLC, and Chris Latsch.

2.     On February 4, 2019, Plaintiff filed a Fist Amended Complaint in the Superior Court Action, dismissing certain defendants.   The following Defendants remained in the First Amended Complaint: CIM Group, L.P., TheatreDreams LA/CHI GP, LLC, Russel Court Entertainment, LLC, and Chris Latsch.   A true and correct copy of the First Amended Complaint is attached as **Exhibit B**.   (Demerjian Declaration ¶ 3).

3.     On March 15, 2019, Defendants CIM Group, L.P. and TheatreDreams LA/CHI GP, LLC filed an unverified Answer in State Court.  A true and correct copy of the Answer is attached as **Exhibit C**.  (Demerjian Declaration ¶ 4).  Defendant is informed and believe that "Russel Court Entertainment LLC" does not exist in California and is informed and believes that such an entity was not served.

4.     On March 22, 2019, Defendant Chris Latsch filed an unverified Answer in State Court. A true and correct copy of the Answer is attached as **Exhibit D.** (Demerjian Declaration ¶ 5).

5.     On April 10, 2019, the Court in the Superior Court Action issued a Minute Order scheduling trial on April 20, 2020.  A true and correct copy of the Minute Order is attached as **Exhibit E.** (Demerjian Declaration ¶ 6).

**NOTICE OF REMOVAL OF CIVIL ACTION**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

6.      On July 31, 2019, Plaintiff filed an Amendment to Complaint claiming to have been ignorant of the true name of Defendant DOE 1, and claiming to have discovered the true name of DOE 1 to be TheatreDreams LA/CHI, L.P. (Defendant). Defendant is and was at all relevant times, Plaintiff's employer. (Declaration of Jay Thomas, ¶ 3). A true and correct copy of the Amendment to Complaint is attached as **Exhibit F.** (Demerjian Declaration ¶ 7).

7.      On July 31, 2019, Plaintiff filed another Amendment to Complaint designating New Caps, LLC as DOE 2.  A true and correct copy of the Amendment to Complaint is attached as **Exhibit G.** (Demerjian Declaration ¶ 8).

8.      On August 16, 2019 Plaintiff filed a Request for Dismissal dismissing TheatreDreams LA/CHI GP, LLC from the Superior Court Action. A true and correct copy of the Dismissal is attached as **Exhibit H.** (Demerjian Declaration ¶ 9).

9.      On September 3, 2019, Plaintiff personally served Defendant with the Amendment to Complaint, the Summons, and Complaint.  Plaintiff also filed the Proof of Service with the Court in the Superior Court Action.  A true and correct copy of the Proof of Service is attached as **Exhibit I**.  (Demerjian Declaration ¶ 10).

10.      Defendant is informed and believes that New Caps, LLC has not been served with the Summons and Complaint.  (Demerjian Declaration, ¶ 11).

11.      On October 2, 2019, Defendant filed an unverified Answer in State Court. A true and correct copy of the Answer is attached as **Exhibit J**.  (Demerjian Declaration, ¶ 12).

12.      The Complaint filed by Plaintiff (Exhibit A), the First Amended Complaint filed by Plaintiff (Exhibit B), the Answers filed by Defendants (Exhibits C, D, and J), the Minute Order (Exhibit E), the Request for Dismissal (Exhibit H), and the Amendments to Complaint (Exhibits F and G) constitute all of the processes, pleadings and orders which Defendant has knowledge of being filed in the Superior Court Action.

13.      Plaintiff's Superior Court Action is a civil action over which this District Court has original subject matter jurisdiction pursuant to 29 U.S.C. § 185(a) and 28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

658135.1

3

U.S.C. §§ 1331 and 1337, and is one that may be properly removed to this District Court pursuant to 28 U.S.C. § 1441 and 1446 in that:

a.      At all times material herein, Defendant TheatreDreams LA/CHI, L.P. was an employer employing employees in an industry affecting commerce within the meaning of Sections 2(2) and 2(7) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152 (2), (7).

b.      At all times material herein, Defendant TheatreDreams LA/CHI, L.P. was and is a party to a collective bargaining agreement ("CBA") which governed the employment of certain employees, including Plaintiff. A true and correct copy of this CBA is attached hereto in the Thomas Declaration as **Exhibit A**. (Thomas Decl. ¶ 3). Among other things, this CBA provides, at page 23, Article VI, paragraph C, with respect to discharge and discipline, as follows:

> The Employer shall be the sole judge of the qualification of all of its employees. No regular weekly employee shall be disciplined or discharged without just cause. The Company may immediately discharge any employee for the following: theft, dishonesty, intoxication, gross insubordination or falsification of company documents.

The CBA provides, at page 27, Article X, with respect to management rights, as follows:

> The Company and the Union specifically agree that Employer's management shall have the right to run its business, hire and direct the work force, and to determine the policies and methods of operating its facility, except as restricted by this Collective Bargaining Agreement. Such management rights and responsibilities shall include, but not be limited to the following: the right to select the employees it will hire; the right to establish or revise work schedules; to determine the number and type of equipment, material products and supplies to be used or operated; to discipline, or discharge employees for just cause; to maintain efficiency of employees, to determine assignments of work; to discontinue all or any part of its business operation; to expand, reduce, alter, combine or transfer, assign, or cease any job, department or operation for business purposes; to introduce new, different or improved methods and procedures in its operations; and to otherwise generally manage the facility, except as restricted by this Collective Bargaining Agreement, provided,

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

658135.1

4

**NOTICE OF REMOVAL OF CIVIL ACTION**

however, the Union shall be notified of any proposed new job classification. In the event that the Union is unable to refer sufficient qualified employees, the Company may hire those persons that in its judgment are needed from any source. Once hired, these other source employees shall be subject to the provisions of Article II of this Collective Bargaining Agreement.

      c.    Plaintiff's First Amended Complaint purports to state claims for (1) breach of contract (third party beneficiary) based entirely and specifically on the CBA between Defendant and the Union, (2) Employment Discrimination (Age) Labor Code Section 98.6, (3) Employment Discrimination (Retaliation), (4) intentional infliction of emotional distress, (5) violation of Unruh Act, Civil Code Section 51 (age discrimination), (6) violation of California Civil Code Section 52.1 (intimidation), and (7) request for temporary restraining order and permanent injunction. Plaintiff's claims in his First Amended Complaint, as well as the applicability *vel non* of the above-quoted discharge and discipline procedure and management rights of the CBA to the claims in Plaintiff's First Amended Complaint, arise out of or require the interpretation of the CBA governing Plaintiff's employment with Defendant TheatreDreams LA/CHI, L.P. As such, this District Court has jurisdiction over Plaintiff's claims relating to the alleged breach of contract pursuant to Section 301 of the LMRA, 29 U.S.C. § 185*See, e.g., Lingle v. Norge Div. Of Magic Chef*, 486 U.S. 399, 405-06 (1988); *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *Firestone v. Southern Cal. Gas Co.*, 281 F.3d 801 (9th Cir. 2002); *McCormick v. AT&T Technologies, Inc.*, 934 F.2d 531, 534-37 (4th Cir. 1991); *Jackson v. Southern Cal. Gas Co.*, 881 F.2d 638, 645-46 (9th Cir. 1989). Federal courts have jurisdiction over a lawsuit alleging a breach of a collective bargaining agreement entered into between a union and employer in the private sector under section 301 of the LMRA. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983). Section 301 of the LMRA has such an extraordinary preemptive force, providing federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987), quoting 29 U.S.C.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

658135.1

5

**NOTICE OF REMOVAL OF CIVIL ACTION**

§ 185. A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301, irrespective of how it is pleaded. *Id.* at 997. Indeed, the preemptive force of section 301 is so powerful as to displace entirely *any* state claim the outcome of which depends on analysis of the terms of the CBA. *Id.*

d.    Plaintiff alleges that pursuant to the "Union rules," he calls into the Union's "referral hall," and is assigned work; he further alleges that he was hired pursuant to the terms of the CBA. (First Amended Complaint ¶ 9). Plaintiff then alleges that pursuant to the CBA, he was to "remain employed until the assignment ended (absent good cause to terminate employment). (First Amended Complaint ¶ 12). Plaintiff alleges that his employment was terminated on July 12, 2016 and July 13, 2016. (First Amended Complaint ¶¶ 16, 20). Plaintiff alleges that Defendants violated "the terms of the bargaining agreement concerning the hiring and retention of Union members and violating the expectations of Plaintiff and other Union members predicated on the long-standing course and conduct that a Union member who was hired remained hire until the project or job for which he/she was hired, had been completed." (First Amended Complaint ¶¶ 21a). Plaintiff realleges and reasserts these allegations into each of his causes of action. Plaintiff alleges he is "an intended third-party beneficiary" of the contract between Union and Defendants, and each of them, in that Plaintiff is a member of the Union who contracted with Defendants…" (First Amended Complaint ¶¶ 30). Finally, Plaintiff alleges that his alleged termination resulted in the "breach of the terms of the contract for which Plaintiff is an intended beneficiary." (First Amended Complaint ¶¶ 36).

e.    The First Amended Complaint establishes that some or all of the claims involve a federal question since they arise under a law of the United States, i.e., the LMRA. Thus, this District Court has jurisdiction over the First Amended Complaint pursuant to 28 U.S.C. § 1331.

f.    The First Amended Complaint establishes that some or all of the claims arise under an Act of Congress regulating commerce, namely, the LMRA. As

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

such, this District Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1337.

g.      To the extent the First Amended Complaint asserts claims that do not arise under the LMRA, this District Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1367 and 1441(c), and the doctrine of supplemental jurisdiction. *California Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1092 (9th Cir. 2008).

WHEREFORE, Defendant prays that the Superior Court Action be removed from the Los Angeles County Superior Court to this District Court.

DATED: October 3, 2019

BALLARD ROSENBERG GOLPER & SAVITT, LLP

By:   */s/ James H. Demerjian*
      JAMES DEMERJIAN
Attorneys for CIM GROUP, L.P.;
THEATREDREAMS LA/CHI, L.P.; and
CHRIS LATSCH

I certify under Fed. R. Civ. P. 11 that the foregoing is true and correct to the best of my knowledge.

DATED: October 3, 2019

BALLARD ROSENBERG GOLPER & SAVITT, LLP

By:   */s/ James H. Demerjian*
      JAMES DEMERJIAN
Attorneys for CIM GROUP, L.P.;
THEATREDREAMS LA/CHI, L.P.; and
CHRIS LATSCH

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

658135.1

7

**NOTICE OF REMOVAL OF CIVIL ACTION**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff's employment was pursuant to a Collective Bargaining Agreement between recently served Defendant TheatreDreams LA/CHI, L.P. and Local 33 of the International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada ("Union"). Plaintiff's lawsuit stems from two days from his employment – July 12 and 13, 2016. Plaintiff alleges he was hired pursuant to the Union's rules and alleges his employment was terminated on these two days. Plaintiff further alleges that the termination of his employment resulted in a breach of the CBA. Plaintiff's allegations arise out of or require the interpretation of the CBA governing Plaintiff's employment with Defendant. As such, this District Court has jurisdiction over the First Amended Complaint pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

### II.   PLAINTIFF'S SUPERIOR COURT ACTION CAN BE REMOVED BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

Plaintiff's Superior Court Action is a civil action over which this District Court has original subject matter jurisdiction pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. §§ 1331, 1332 and 1337, and is one that may be properly removed to this District Court pursuant to 28 U.S.C. § 1441, in that:

At all times material herein, Defendant TheatreDreams LA/CHI, L.P. was an employer employing employees in an industry affecting commerce within the meaning of Sections 2(2) and 2(7) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152 (2), (7).

At all times material herein, Defendant was a party to a collective bargaining agreement ("CBA") which governed the employment of certain employees, including Plaintiff. (**Exhibit A,** Thomas Declaration, ¶ 3). Among other things, this CBA

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

658135.1

provides, at page 23, Article VI, paragraph C, with respect to discharge and discipline, as follows:

> The Employer shall be the sole judge of the qualification of all of its employees. No regular weekly employee shall be disciplined or discharged without just cause. The Company may immediately discharge any employee for the following: theft, dishonesty, intoxication, gross insubordination or falsification of company documents.

Moreover, the CBA provides, at page 27, Article X, with respect to management rights, as follows:

> The Company and the Union specifically agree that Employer's management shall have the right to run its business, hire and direct the work force, and to determine the policies and methods of operating its facility, except as restricted by this Collective Bargaining Agreement. Such management rights and responsibilities shall include, but not be limited to the following: the right to select the employees it will hire; the right to establish or revise work schedules; to determine the number and type of equipment, material products and supplies to be used or operated; to discipline, or discharge employees for just cause; to maintain efficiency of employees, to determine assignments of work; to discontinue all or any part of its business operation; to expand, reduce, alter, combine or transfer, assign, or cease any job, department or operation for business purposes; to introduce new, different or improved methods and procedures in its operations; and to otherwise generally manage the facility, except as restricted by this Collective Bargaining Agreement, provided, however, the Union shall be notified of any proposed new job classification. In the event that the Union is unable to refer sufficient qualified employees, the Company may hire those persons that in its judgment are needed from any source. Once hired, these other source employees shall be subject to the provisions of Article II of this Collective Bargaining Agreement.

Plaintiff's entire lawsuit is based on two days of his employment – July 12 and 13, 2016. He alleges he was terminated on both of these dates. Plaintiff's First Amended Complaint purports to state claims for (1) breach of contract (third party beneficiary) [based entirely and specifically on the CBA between Defendant and the Union], (2) Employment Discrimination (Age) Labor Code Section 98.6, (3) Employment Discrimination (Retaliation), (4) intentional infliction of emotional distress, (5) violation of Unruh Act, Civil Code Section 51 (age discrimination),

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

658135.1

NOTICE OF REMOVAL OF CIVIL ACTION

(6) violation of California Civil Code Section 52.1 (intimidation), and (7) request for temporary restraining order and permanent injunction.

The claims in Plaintiff's First Amended Complaint relating to his employment based on the CBA, as well as the applicability *vel non* of the above-quoted discharge and discipline procedure and management rights of the CBA to all of these claims in Plaintiff's First Amended Complaint, arise out of or require the interpretation of the CBA governing Plaintiff's employment with Defendant TheatreDreams LA/CHI, L.P. As such, this District Court has jurisdiction over Plaintiff's claims relating to the alleged breach of contract pursuant to Section 301 of the LMRA, 29 U.S.C. § 185. *See, e.g., Lingle v. Norge Div. Of Magic Chef*, 486 U.S. 399, 405-06 (1988); *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *Firestone v. Southern Cal. Gas Co.*, 281 F.3d 801 (9th Cir. 2002); *McCormick v. AT&T Technologies, Inc.*, 934 F.2d 531, 534-37 (4th Cir. 1991); *Jackson v. Southern Cal. Gas Co.*, 881 F.2d 638, 645-46 (9th Cir. 1989).

Federal courts have jurisdiction over a lawsuit alleging a breach of a collective bargaining agreement entered into between a union and employer in the private sector under section 301 of the LMRA. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983). Section 301 of the LMRA has such an extraordinary preemptive force, providing federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987), quoting 29 U.S.C. § 185. A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301, irrespective of how it is pleaded. *Id.* at 997. Indeed, the preemptive force of section 301 is so powerful as to displace entirely *any* state claim the outcome of which depends on analysis of the terms of the CBA. *Id.*

Plaintiff alleges that his employment was terminated on July 12, 2016 and July 13, 2016. (First Amended Complaint ¶¶ 16, 20). Plaintiff alleges that Defendants violated "the terms of the bargaining agreement concerning the hiring and retention

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

658135.1

10

**NOTICE OF REMOVAL OF CIVIL ACTION**

of Union members and violating the expectations of Plaintiff and other Union members predicated on the long-standing course and conduct that a Union member who was hired remained hire until the project or job for which he/she was hired, had been completed." (First Amended Complaint ¶¶ 21a). Plaintiff alleges he is "an intended third-party beneficiary" of the contract between Union and Defendants, and each of them, in that Plaintiff is a member of the Union who contracted with Defendants…" (First Amended Complaint ¶¶ 30). Finally, Plaintiff alleges that his alleged termination resulted in the "breach of the terms of the contract for which Plaintiff is an intended beneficiary." (First Amended Complaint ¶¶ 36). Plaintiff's allegations and claims fall squarely within Section 301 of the LMRA.

The Complaint establishes that some or all of the claims involve a federal question since they arise under a law of the United States, namely, the LMRA. Thus, this District Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331.

The Complaint establishes that some or all of the claims arise under an Act of Congress regulating commerce, namely, the LMRA. As such, this District Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1337.

To the extent the Complaint asserts claims that do not arise under the LMRA, this District Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1367 and 1441(c), and the doctrine of supplemental jurisdiction. *California Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1092 (9th Cir. 2008).

## III.  **NOTICE OF INTERESTED PARTIES**

Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal.

## IV.  **NOTICE**

Additionally, as required by 28 U.S.C. Section 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

658135.1

11

## V.    **CONCLUSION**

For all the foregoing reasons, Defendant respectfully request that Plaintiff's Superior Court Action be removed to this District Court.

DATED: October 3, 2019                          BALLARD ROSENBERG GOLPER & SAVITT, LLP

By:    */s/ James H. Demerjian*
        JAMES DEMERJIAN
Attorneys for CIM GROUP, L.P.;
THEATREDREAMS LA/CHI, L.P.; and
CHRIS LATSCH

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

658135.1

12

**NOTICE OF REMOVAL OF CIVIL ACTION**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

On October 3, 2019, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF,** on the interested parties in this action as follows:

Leslie S. McAfee
Law Office of Leslie S. McAfee
15981 Yarnell St., #98
Sylmar, CA 91342
Telephone: (818) 566-1986
Facsimile: (818) 827-3078
Email: trialattorney@hotmail.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List. I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 3, 2019, at Encino, California.

Lisa Chiarella

658135.1

**PROOF OF SERVICE**